Edward M. Cooke, Esq. Town Attorney, Lumberland
You have asked whether a recently elected member of your town board may continue serving as a constable in the town.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interest created by the simultaneous holding of the two positions. In such a situation the conflict is avoided by declining to participate in the disposition of the matter. If such situations are inevitable as opposed to being possibilities, there is an inherent inconsistency in the positions.
The town board is both the adminstrative and legislative arm of town government. Town constables are peace officers (Criminal Procedure Law, § 2.10) and are "subject to the general authority and direction of the town board and to such orders and regulations as the town board may prescribe" (Town Law, § 39).
Thus, it seems clear that the position of town constable is subordinate to the position of member of the town board. Therefore, the two offices are incompatible and may not be held simultaneously by the same person.
While we noted in a previous opinion (84-21) that incompatibility can, in some circumstances, be overcome by local law, we doubt that such action would be appropriate in this case. Unlike the offices involved in our previous opinion, here the control and supervision of constables by the town board is direct and pervasive. In our opinion, establishing an exception would not serve the public interest.
We conclude that one person may not hold simultaneously the two positions of town constable and member of the town board.